Citation Nr: 1121868 
Decision Date: 06/06/11 Archive Date: 06/20/11

DOCKET NO. 06-14 431 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Denver, Colorado


THE ISSUES

1. Entitlement to service connection for a irritable bowel syndrome (IBS).

2. Entitlement to service connection for a gastrointestinal disorder other than IBS, to include diverticulosis and or gastroesophageal reflux disease (GERD). 

3. Entitlement to service connection for hypertension. 


REPRESENTATION

Appellant represented by: Colorado Division of Veterans Affairs


ATTORNEY FOR THE BOARD

James G. Reinhart, Counsel


INTRODUCTION

The Veteran served on active duty from April 1964 to March 1966. 

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a May 2005 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Denver, Colorado. 

In September 2008 and in August 2009 the Board remanded this matter to the RO via the Appeals Management Center (AMC) to afford the Veteran a compensation and pension (C&P) examination and to obtain an expert opinion as to whether a gastrointestinal disability and/or hypertension had onset during the Veteran's active service or were caused or aggravated by his service-connected psychiatric disorder. The matter has been returned to the Board for appellate consideration. 

The issues of entitlement to service connection for service connection for a gastrointesintal disorder other than IBS, to include diverticulosis and or gastroesophageal reflux disease (GERD), and for hypertension are addressed in the REMAND portion of the decision below and are REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC.


FINDING OF FACT

The Veteran has irritable bowel syndrome caused by his service-connected panic disorder. 


CONCLUSION OF LAW

The criteria for service connection for irritable bowel syndrome have been met. 38 U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. § 3.310 (2006)



REASONS AND BASES FOR FINDING AND CONCLUSION

In September 2004 the Veteran filed a claim for VA disability benefits for service connection for psychiatric disease, and a gastrointestinal disorder. Service connection was granted for panic disorder in a September 2008 rating decision. 

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C.A. §§ 1110, 1131 (West 2002); 38 C.F.R. § 3.303(a) (2010). "To establish a right to compensation for a present disability, a Veteran must show: "(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service"-the so-called "nexus" requirement." Holton v. Shinseki, 557 F.3d 1362, 1366 (Fed. Cir. 2010) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004).

Disability which is proximately due to or the result of a service-connected disease or injury shall be service connected. 38 C.F.R. § 3.310(a) (2005). The secondary condition shall be considered a part of the original condition. Id. The phrase "due to or the result of" encompasses disability caused by or aggravated by the service-connected disease or injury. See Allen v. Brown, 7 Vet. App. 439 (1995). Section 3.310 was amended effective October 10, 2006, during the course of the Veteran's appeal. That amendment imposed additional burdens on a claimant seeking to show that a service-connected disease or injury aggravated (as opposed to caused) disability for which service connection had not yet been established. The appropriate version of § 3.310 in the instant case is that version effective when the Veteran filed his claim in 2004, because that version is potentially more favorable to the Veteran. See Landgraf v. USI Film Products, 511 U.S. 244 (1994); Kuzma v. Principi, 341 F.3d 1327 (Fed. Cir. 2003); VAOPGCPREC 7-2003. 

In his September 2004 claim, the Veteran stated that the conditions of his service got to him and his problem started with anxiety, nervousness and a spastic stomach and diverticulitis. He stated that he was treated by a gastrointestinal specialist in late 1966 and had the same problems until 1968. He stated that he was then seen by his family physician until 1972 and that after he went to work as a bus operator he was treated by Dr. "S.A." The Veteran reported that his job as a bus operator worsened his condition as did an accident in 1992, and that he was still having anxiety and nervous stomach and was easily irritated. The Veteran expressed his belief that this irritation caused him to have frequent bowel movements. 

Service treatment records do not show any reports of gastrointestinal symptoms. A report of medical examination from March 1966, for the purpose of separation from active duty, documents a normal clinical evaluation of the Veteran's abdomen and viscera. In an associated report of medical history, the Veteran indicated that he did not then have nor had ever had frequent indigestion, stomach, liver or intestinal trouble, ruptures / hernia, or high or low blood pressure. These records are evidence against a finding that his IBS had onset during active service. 

The earliest evidence of gastrointestinal symptoms are found in April 1996 notes from "C.S.B.," M.D. who provided the Veteran with psychiatric treatment. Dr. C.S.B. evaluated the Veteran and indicated that there was a history of hypertension and spastic colon. He listed symptoms associated with his anxiety as gastrointestinal upset and loose stools. 

A letter from "K.A.," M.D., a gastroenterologist, to another physician includes a diagnosis that the Veteran had irritable bowel syndrome characterized by intermittent diarrhea. This letter is dated in "1902" which is clearly a typographical error. 

VA afforded the Veteran a medical examination in December 2010. An etiology opinion was provided as requested but the conclusions were not supported by rationale. The claims file was returned to the examiner and in the examiner provided an addendum in April 2011 which included an adequate rationale for his conclusion as to the issue of service connection for IBS. 

Taking the December 2010 report and the April 2011 addendum together, the examiner diagnosed IBS and concluded that the Veteran's IBS is as likely as not caused by his military service. He explained that the onset of his panic disorder in the 1960s and the symptoms of his IBS occurred at about the same time. He explained panic disorder is an established risk factor for IBS. 

Based primarily on this opinion, the Board finds that the evidence favorable to a finding that the Veteran's IBS is caused by his service-connected psychiatric disorder outweighs the evidence unfavorable to such a finding. Hence, his appeal as to this issue must be granted. 

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), the United States Department of Veterans Affairs (VA) has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.102, 3.156(a), 3.159 and 3.326(a) (2010). In this case, the Board is granting in full the benefit sought on appeal. Accordingly, assuming, without deciding, that any error was committed with respect to either the duty to notify or the duty to assist, such error was harmless and will not be further discussed. 


ORDER


Service connection is granted for irritable bowel syndrome. 


REMAND

In September 2008, the Board remanded the issues of entitlement to service connection for gastrointestinal disorders and hypertension so that VA could afford the Veteran a C&P examination and obtain an expert opinion. The Board requested that the examiner identify the Veteran's gastrointestinal disorder or disorders and state whether he had hypertension. In that remand, the Board requested an expert opinion as to whether his hypertension and or his identified gastrointestinal disorders were either caused by or aggravated by his service-connected psychiatric disorder. Further, the Board explained that aggravation in this context meant whether or not the identified disorder or disorders increased in severity beyond the natural progression of the disorder or disorders, due to his psychiatric disorder. 

The requested examination was conducted in January 2009 and the examiner provided a conclusion that Veteran had GERD, diverticulosis, and hypertension but that these conditions "were not caused by or a result of" his service-connected psychiatric disorder. No rationale was provided for the opinion, rendering the examination inadequate, so the RO sent the claims file back to the examiner. In an April 2011 addendum, the examiner provided rationale for his conclusions. 

In neither the January 2009 report nor the April 2011 report did the examiner address the question of aggravation. The phrase "not caused by or the result of" is insufficient to address that question. Therefore the issues of service connection for hypertension and for a gastrointestinal disorder other than IBS, to include diverticulosis and GERD must again be remanded. 

Accordingly, the case is REMANDED for the following action:

1. Return the claims file to the examiner who examined the Veteran in December 2009 and provided the April 2011 addendum. If that examiner is not available, schedule the Veteran for another examination. The examiner is asked to address the following. 

(a) Whether the Veteran's diverticulosis has been aggravated by his service-connected psychiatric disorder. For legal purposes the aggravation question is whether his diverticulosis has been worsened beyond its natural progression by his service-connected psychiatric disorder and means a worsening of the underlying condition versus a temporary flare-up of symptoms. This is not a question of causation, but rather a question of aggravation. A rationale must be provided for any conclusion reached. 

(b) Whether the Veteran's GERD has been aggravated by his service-connected psychiatric disorder. For legal purposes the aggravation question is whether his GERD has been worsened beyond its natural progression by his service-connected psychiatric disorder and means a worsening of the underlying condition versus a temporary flare-up of symptoms. This is not a question of causation, but rather a question of aggravation. A rationale must be provided for any conclusion reached. 

(c) Whether the Veteran's hypertension has been aggravated by his service-connected psychiatric disorder. For legal purposes the aggravation question is whether his hypertension has been worsened beyond its natural progression by his service-connected psychiatric disorder and means a worsening of the underlying condition versus a temporary flare-up of symptoms. This is not a question of causation, but rather a question of aggravation. A rationale must be provided for any conclusion reached. 

2. After ensuring that the examiner has specifically and adequately addressed the above, readjudicate the issues on appeal. If any benefit sought is not granted, provide the Veteran and his representative with a supplemental statement of the case and allow an appropriate opportunity to respond thereto. 

The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2010).



______________________________________________
K. J. ALIBRANDO
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs