Citation Nr: 1452646 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 04-27 684 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to service connection for a lumbar spine disorder, to include as secondary to a service-connected left ankle disability and/or a service-connected left soleus muscle disability.


REPRESENTATION

Appellant represented by: Robert V. Chisolm, Attorney


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

B. Muetzel, Associate Counsel


INTRODUCTION

The Veteran served on active military duty from May 1964 to April 1967 and from September 1970 to December 1972. This matter comes to the Board of Veterans' Appeals (Board) on appeal from a February 2004 rating decision by the St. Petersburg, Florida, Regional Office (RO) of the Department of Veterans Affairs (VA) and March 2008, October 2010, and February 2012 Board remands.

The Board notes that the Veteran attended a Board hearing at the RO in April 2005. Subsequently, the Veterans Law Judge (VLJ) who conducted that hearing was designated Acting Chairman of the Board of Veterans Appeals and is no longer available to decide the appeal. In December 2012, the Veteran was notified that he could attend another hearing conducted by a VLJ who would decide his appeal. See 38 U.S.C.A. § 7107(c) (West 2002); 38 C.F.R. § 20.707 (2012) (requiring that the Veterans Law Judge who conducts a hearing on an appealed issue must participate in any decision made on that appeal). That letter notified the Veteran that if he did not respond within 30 days of the letter, VA would assume that another hearing was not desired. No response was received from the Veteran. Accordingly, the Board may proceed with adjudication of this appeal.

The Board denied the claim on appeal in a January 2006 decision. The Veteran appealed this decision to the United States Court of Appeals for Veterans Claims (Court). Based on a May 2007 Joint Motion for Court Remand (Joint Motion), the Court remanded the Board's decision for development in compliance with the Joint Motion. A letter was sent to the Veteran and his representative on July 2, 2007 in which he was given 90 days from the date of the letter to submit additional argument or evidence in support of his appeal prior to the Board's readjudication. In August 2007, the Veteran submitted an unclear response; however, this appeal has since been remanded by the Board and readjudicated several times by the RO and there is no prejudice in proceeding to adjudicate the claim. 

Then, in February 2013, the Board denied the Veteran's claim. He appealed the decision to the United States Court of Appeals for Veterans Claims (Court), and in April 2014, the Court vacated the Board's decision with regard to the Veteran's claim of secondary service connection and remanded the claim to the Board for further proceedings. 

The Board also notes that, in addition to the paper claims file, there is a paperless, electronic (Virtual VA and VBMS) claims file associated with the Veteran's claims. A review of the documents in such file reveals that certain are relevant to the issues on appeal. Thus, the Board has considered these electronic records in its adjudication of the Veteran's case. Also, this case has been advanced on the docket.


FINDING OF FACT

The evidence is at least in relative equipoise as to whether the Veteran's low back disability is related to service-connected disabilities.


CONCLUSION OF LAW

Resolving all reasonable doubt in the Veteran's favor, the criteria for establishing service connection for a low back disability, as secondary to the service-connected disabilities, are met. 38 U.S.C.A. §§ 1131, 1154(a), 5107(b) (West 2002); 38 C.F.R. §§ 3.102, 3.310 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

Veterans Claims Assistance Act of 2000

As the Board's decisions to grant service connection for a low back disability, to include as secondary to service-connected disabilities, are completely favorable, no further action is required to comply with the Veterans Claims Assistance Act of 2000 (VCAA) and implementing regulations.

Analysis 

The Board has reviewed all the evidence in the Veteran's claims file. Although the Board has an obligation to provide adequate reasons and bases supporting this decision, there is no requirement that the evidence submitted by the appellant or obtained on her behalf be discussed in detail. Rather, the Board's analysis below will focus specifically on what evidence is needed to substantiate the claims and what the evidence in the claims file shows, or fails to show, with respect to the claims. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) and Timberlake v. Gober, 14 Vet. App. 122, 128-30 (2000).

Generally, service connection may be established for disability resulting from disease or injury incurred in or aggravated by service. 38 U.S.C.A. §§ 1110, 1131; 38 C.F.R. § 3.303(a). In order to establish service connection, the following must be shown: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). In addition, degenerative joint disease may be presumed to have been incurred during service if it first became manifest to a compensable degree within one year of separation from active duty. 38 U.S.C.A. §§ 1101, 1110, 1112; 38 C.F.R. §§ 3.307, 3.309. 

Where there is a chronic disease shown in service, subsequent manifestations of the same chronic disease at any later date, however remote, are service connected, unless clearly attributable to intercurrent causes. 38 C.F.R. § 3.303(b). When a condition noted during service is not shown to be chronic, or the fact of chronicity in service is not adequately supported, then a showing of continuity of symptomatology after discharge is required to support the claim. 38 C.F.R. § 3.303(b). "[S]ymptoms, not treatment, are the essence of any evidence of continuity of symptomatology." Savage v. Gober, 10 Vet. App. 488, 496 (1997). A layperson is competent to identify such disorders as varicose veins, tinnitus, and flat feet. Barr v. Nicholson, 21 Vet. App. 303, 310 (2007); Charles v. Principi, 16 Vet. App. 370, 374 (2002); Falzone v. Brown, 8 Vet. App. 398, 405 (1995). 

Lay testimony is competent to establish a diagnosis where the layperson is competent to identify the medical condition, is reporting a contemporaneous medical diagnosis, or describes symptoms that support a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331, 1336 (Fed. Cir. 2006) (addressing lay evidence as potentially competent to support presence of disability even where not corroborated by contemporaneous medical evidence).

Additionally, service connection may be granted where a disability is proximately due to or the result of a service-connected disease or injury. 38 C.F.R. § 3.310(a). Establishing service connection on a secondary basis requires evidence sufficient to show (1) that a current disability exists and (2) that the current disability was either (a) caused by or (b) aggravated by a service-connected disability. Allen v. Brown, 7 Vet. App. 439, 448 (1995) (en banc). VA will not concede that a nonservice-connected disease or injury was aggravated by a service-connected disease or injury unless the baseline level of severity of the nonservice-connected disease or injury is established by medical evidence created before the onset of aggravation or by the earliest medical evidence created at any time between the onset of aggravation and the receipt of medical evidence establishing the current level of severity of the nonservice-connected disease or injury. 38 C.F.R. § 3.310(b). This provision is effective October 10, 2006. Because the Veteran's claim was filed prior to that time, and this provision places additional evidentiary requirements upon the Veteran, the Board finds that it does not apply to his claim. See generally Kuzma v. Principi, 341 F.3d 1327 (Fed. Cir. 2003); VAOPGCPREC 7-2003. 

The Veteran seeks entitlement to service connection for a low back disability, on the basis that he developed his current disability as a result of his service-connected disabilities. 

In various lay statements of record and at the 2005 Board hearing, the Veteran has asserted that he has had constant back pain after a fall onboard the USS Voge in 1971, during his second period of service. He stated he fell approximately 12 to 15 feet on his back onto the lower deck. The Veteran stated that he was on light duty for approximately six months thereafter. The Veteran also asserts that his back disorder was aggravated in a later in-service motorcycle accident. He also reported that he began getting treatment in the early 1980s for his low back. 

The Veteran's STRs are silent for any low back complaints, treatment, or diagnoses. In reports of medical examination dated April 1964 and January 1967, the Veteran's spine was normal. In April 1964 and January 1967 reports of medical history, the Veteran noted that he had not worn a back brace or support. A December 1971 examination report noted that the Veteran incurred a left calcaneal fracture in a motorcycle accident. He was placed on six months limited duty. A November 1971 examination report indicated the Veteran was unfit for duty due to physical disability due to the left ankle fracture. The Veteran was discharged from his second period of service in 1972.

In a February 1977 VA examination conducted in connection with a claim for service connection for residuals of the motorcycle accident, there was left calcaneal fracture, left arm and shoulder fracture, and left ear deafness. In September 1999 documents from the Social Security Administration, the Veteran noted low back pain. In a May 2000 VA examination, the Veteran reported constant ankle, knee, and back pain. He thought his back pain was secondary to the ankle injury. Upon examination, an examiner noted that the Veteran's complaints of pain may be at least partially related to a prior history of knee surgery versus foot pain. In a January 2001 VA medical record, an x-ray showed moderate degenerative changes of the lumbar spine. In a March 2001 VA record, it was noted that the Veteran's spine was within normal limits. In an August 2002 VA record, the Veteran reported low back pain. In an August 2003 VA record, the Veteran reported a 30-year history of back pain. 

A February 2011 VA examination was conducted upon a review of the claims file. The Veteran reported back pain that began in service and persisted thereafter, and that he did not seek treatment for his low back until the 1990s. He denied any post-service accidents or injuries and stated that the problems began after an in-service fall. The Veteran reported that the pain had been progressively worse since then. An examination of the lumbar spine was conducted. The diagnosis was lumbar spine osteoarthritis. The examiner opined that, based upon a review of the medical records, medical literature, and the examiner's clinical experience, the low back disorder was not caused by or a result of the injuries the Veteran sustained during service. The examiner noted there was no evidence of a primary back disorder during service or a suggestion of a chronic back disorder for many years after service. The examiner also opined that a nexus could not be made to service-connected disabilities despite the Veteran's significant leg injury of the left ankle and left soleus muscle, noting that there was little in the literature to suggest that this will lead to degenerative arthritis of the lumbar spine. 

In a March 2012 addendum, the examiner noted that based upon review of the medical records, medical literature, and his clinical experience, there was little to support that a left lower extremity injury will aggravate degenerative arthritis and degenerative disc disease of the lumbar spine, and concluded that a nexus to aggravation could not be made. 

Then, in September 2014, after the Court vacated and remanded the Veteran's claim, he sought an independent opinion from a private physician. The physician reviewed the claims file, including the Veteran's VA examination reports, private and VA treatment records, and the Veteran's contentions. The physician also conducted a phone interview of the Veteran in February 2014. The physician noted that he is an orthopedic surgeon and based his opinion on his experience in orthopedics, a review of the medical records available, and a review of relevant orthopedic literature. The physician conceded that the Veteran's low back disability was not involved in the injury that he sustained while in service. However, he went on to note that unbalanced gaits produce "significant abnormal forces across the lumbar spine." The physician also noted that he reviewed three case studies of individuals who had circumstances similar to the Veteran, and that each of the opinions reached were similar to his own - namely that an altered gait has "a high potential for causing subsequent lower back sequel. 

The physician went on to analyze an April 2004 orthopedic evaluation in which the Veteran's left foot made contact with the ground surface as "a single unit and also in mild supination." Thus, the physician explained, that there was no normal "heel to toe" contact as a result of the severe loss of motion with respect to the Veteran's left ankle. He also explained that the Veteran's mild supination meant that his foot tilted inwards as he struck the ground. As a result, the examiner noted that the ankle joint was subjected to an increased lateral stress that hastened the arthritic condition. The physician also noted that when a joint is fused, as is the case of the Veteran's left ankle, the adjacent joints are "subjected to greater mechanical forces secondary to the fused joint no longer absorbing mechanical stresses." In this case, the physician noted that the Veteran's ankle joint and midtarsal joints would undergo an accelerated degenerative process. 

The physician also included several articles that discuss the biomechanics that are involved in lumbar problems that involve abnormal gaits. The physician went on to explain that the Veteran had a progressive limp that, over "several decades" developed accelerated degenerative changes in his lumbar spine. Thus, the physician opined that it is at least as likely as not that the Veteran's current low back disability is the "direct result of his unbalanced gait that has been present since the 1970s due to his service-connected left foot/left ankle condition." By way of rationale, the physician reiterated that the Veteran has experienced an accelerated degenerative process in his lumbar spine as a result of the significant change in mechanical forces being applied to his lower spine because of the unbalanced gait that has been present since the 1970s. The physician indicated that his opinion is based on a review of the claims file, careful analysis, and medical literature. 

Given the above, the Board finds that there is competent and credible unfavorable medical opinion evidence against the claim and competent and credible favorable medical opinion evidence in favor of the claim. When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Board shall give the benefit of the doubt to the claimant. 38 U.S.C.A. § 5107(b) (West 2002); 38 C.F.R. § 3.102 (2014). Another way stated, VA has an equipoise standard akin to the rule in baseball that "the tie goes to the runner." Gilbert v. Derwinski, 1 Vet. App. 49, 55-56 (1990). Reasonable doubt is resolved in favor of the Veteran. Accordingly, service connection for a low back disability, to include as secondary to a service-connected left ankle disability and/or a service-connected left soleus muscle disability, is warranted. 


ORDER

Service connection for a low back disability, to include as secondary to a service-connected left ankle disability and/or a service-connected left soleus muscle disability, is granted. 




____________________________________________
WAYNE M. BRAEUER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs