MAYER, Chief Judge.
 

 Thomas J. Kuzma appeals the judgment of the United States Court of Appeals for Veterans Claims denying his motion for remand to the Board of Veterans’ Appeals pursuant to the Veterans Claims Assistance Act (“VCAA”).
 
 Kuzma v. Principi,
 
 
 *1328
 
 No. 98-295, 2002 WL 1822051 (Vet.App. July 30, 2002). Because the Court of Appeals for Veterans Claims correctly applied our precedent, we affirm.
 

 Background
 

 Kuzma served on active duty in the Marine Corps from 1969 to 1971, including service in Vietnam. In 1996, he received a fifty percent disability rating from the Department of Veterans Affairs regional office for post-traumatic stress disorder and dysthymic disorder. Kuzma appealed to the board, and it denied his claim for an increased rating in 1997. He then appealed to the Court of Appeals for Veterans Claims, which affirmed the board’s decision on November 7, 2000. One week later, the court recalled its judgment in light of the enactment of the VCAA. Kuz-ma filed a motion to remand, contending that that court’s precedent required it to give retroactive effect to section 3(a) of the VCAA, 38 U.S.C. §§ 5103, 5103A, which provides for increased assistance to veterans preparing their claims.
 

 The Court of Appeals for Veterans Claims denied Kuzma’s motion for remand, citing
 
 Dyment v. Principi,
 
 287 F.3d 1377 (Fed.Cir.2002), and
 
 Bernklau v. Principi,
 
 291 F.3d 795 (Fed.Cir.2002), which hold that section 3(a) of the VCAA is not retroactively available to claims pending on the date of the VCAA’s enactment, November 9, 2000. The court then reaffirmed the board’s decision denying Kuzma’s claim for an increased rating. Kuzma timely appealed and we have jurisdiction pursuant to 38 U.S.C. § 7292(c).
 

 Discussion
 

 “[Cjongressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result.”
 
 Landgraf v. USI Film Prods.,
 
 511 U.S. 244, 272, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (quoting
 
 Bowen v. Georgetown Univ. Hosp.,
 
 488 U.S. 204, 208, 109 S.Ct. 468, 102 L.Ed.2d 493 (1988)). “There is nothing in the VCAA to suggest that section 3(a) was intended to applied [sic] retroactively. In fact, the statutory context strongly suggests the contrary.”
 
 Dyment,
 
 287 F.3d at 1385;
 
 see also Bernklau,
 
 291 F.3d at 804 (citing both
 
 Landgraf
 
 and
 
 Bowen
 
 to confirm that
 
 Dyment’s
 
 holding “was plainly correct”).
 

 Kuzma argues that the Court of Appeals for Veterans Claims erred by not applying its own precedent as set out in
 
 Karnas v. Derwinski,
 
 1 Vet.App. 308 (1991), and
 
 Holliday v. Principi,
 
 14 Vet.App. 280 (2001).
 
 Kamas
 
 held that “where the law or regulation changes after a claim has been filed or reopened but before the administrative or judicial appeal process has been concluded, the version most favorable to appellant should and we so hold will apply unless Congress provided otherwise or permitted the Secretary ... to do otherwise and the Secretary did so.” 1 Vet. App. at 313. After enactment of the VCAA, but prior to
 
 Dyment
 
 and
 
 Bemklau,
 
 the court relied on
 
 Kamas
 
 to conclude that “all provisions of the VCAA are potentially applicable to claims pending on the date of the VCAA’s enactment.”
 
 Hol-liday,
 
 14 Vet.App. at 286. It reasoned that “there can be no question that Congress, which is presumed to be aware of
 
 [Kamas]
 
 and its progeny at the time of enacting the VCAA, clearly did not provide the specificity required by
 
 Kamas
 
 to disavow retroactivity.”
 
 Id.
 

 Because neither we nor the Court of Appeals for Veterans Claims have explicitly overruled
 
 Kamas,
 
 Kuzma argues that it is still controlling precedent in the Court of Appeals for Veterans Claims. Therefore, that court was bound to follow it and remand the case to the board for readjudi-cation. The government responds that
 
 *1329
 
 both
 
 Dyment
 
 and
 
 Bemklau
 
 implicitly overruled
 
 Kamas.
 
 We agree.
 

 We are obligated to apply both Supreme Court precedent,
 
 see Williams v. United States,
 
 240 F.3d 1019, 1030 (Fed.Cir.2001), and our own to resolve the issues before us. The Court of Appeals for Veterans Claims, in turn, is bound by our rulings.
 
 See
 
 38 U.S.C. § 7292(c) (2000). We have twice before held that section 3(a) of the VCAA does not apply retroactively.
 

 Applying
 
 Kamas
 
 to section 3(a) of the VCAA, which makes no mention of retro-activity, would impermissibly require its retroactive application. Further,
 
 Holli-day’s
 
 holding that all provisions of the VCAA have retroactive effect is incompatible with
 
 Dyment
 
 and
 
 Bemklau.
 
 Although we did not explicitly overrule
 
 Holliday
 
 in those cases, the Court of Appeals for Veterans Claims has recognized that we did so implicitly.
 
 See Charles v. Principi
 
 16 Vet. App. 370, 373 (2002) (citing
 
 Holliday
 
 while noting that both
 
 Dyment
 
 and
 
 Bernklau
 
 overruled it in part). Today we remove all doubt and overrule both
 
 Kamas
 
 and
 
 Hol-liday
 
 to the extent they conflict with the Supreme Court’s and our binding authority.
 

 Conclusion
 

 Accordingly, the judgment of the Court of Appeals for Veterans Claims is affirmed.
 

 AFFIRMED.