**Richard R. LEMIEUX, Petitioner,**

v.

**OFFICE OF PERSONNEL MANAGEMENT, Respondent.**

No. 03–3269.

United States Court of Appeals, Federal Circuit.

DECIDED: Feb. 5, 2004.

Before MAYER, Chief Judge, RADER and SCHALL, Circuit Judges.

PER CURIAM.

Richard R. Lemieux ("Lemieux") appeals the decision of the Merit Systems Protection Board, which affirmed the Office of Personnel Management's ("OPM") calculation of the portion of Lemieux's pension owed to his ex-wife, Joanne Lemieux, pursuant to their divorce decree. *Lemieux v. Office of Personnel Mgmt.*, BN0831020077–I–1, 94 M.S.P.R. 483, 2003 WL 21517324 (June 20, 2003). We *affirm.*

The board's decision is reviewed in accordance with 5 U.S.C. § 7703(c). *See Jones v. Dept. of Transp.*, 295 F.3d 1298, 1304 (Fed.Cir.2002). Lemieux makes two arguments on appeal. First, he claims that 5 C.F.R. § 838.621 was adopted after his divorce and, therefore, is not applicable. Second, he claims that the divorce decree specifies the value of his annuity with sufficient clarity so as to avoid application of 5 C.F.R. § 838.621(d)* even if it can be applied retroactively.

---

* 5 C.F.R. § 838.621(d) (2003) states, "A court order that awards a portion of the 'value' of an annuity as of a specific date before retirement, without specifying what 'value' is, awards the former spouse a prorata share as defined in paragraph (a) of this section." Subsection (a) states, *"Prorata share* means one-half of the fraction whose numerator is

■ With respect to the retroactive effect of section 838.621, we agree with Lemieux. Unless the language indicates otherwise, a statute or regulation does not operate retroactively. *Kuzma v. Principi*, 341 F.3d 1327, 1328 (Fed.Cir.2003). Lemieux's divorce occurred in 1990, while section 838.621 was adopted in 1992. Therefore, section 838.621 should not be used to calculate Joanne Lemieux's share of his annuity.

■ Even though section 838.621 is inapplicable, OPM's calculation is still correct. The pertinent regulations in place at the time of Lemieux's divorce are described in 50 Fed. Reg. 20,064 (May 13, 1985) and 55 Fed. Reg. 9,093 (Mar. 12, 1990). Appendix A to Subpart Q of 5 C.F.R. § 831 (1985), entitled "Guidelines for Interpreting State Court Orders Dividing Civil Service Retirement Benefits," states that "[u]nless the court directly and unequivocally orders otherwise, decrees which divide annuities either on a percentage basis or by use of a formula will be interpreted as subject to adjustment for cost-of-living and salary adjustments occurring after the issuance of the decree." 50 Fed. Reg. 20,081 (May 13, 1985). Appendix A further provides,

A formula containing an instruction to calculate the former spouse's share effective at the time of the divorce will not be interpreted to prevent cost-of-living or salary adjustments. To award a fixed dollar amount based on the rate of annuity which would have been paid if retirement occurred at the date of divorce, the decree must either state the dollar amount of the award or explain with sufficient clarity that salary adjustments, as well as service, after the date

the number of months of Federal civilian and military service that the employee performed during the marriage and whose denominator

of the decree are to be disregarded in computing the former spouse's share.

*Id.* These sections indicate that unless the court order explicitly states otherwise, the spouse's share of the annuity is calculated at the time of retirement, including any increases in the annuity as a result of raises and cost-of-living adjustments in the years between divorce and retirement. The court order simply states, "Joanne Lemieux is awarded 50% of the value of Richard Lemieux's pension plan as of the date of the entry of the Libel for Divorce...." This does not explicitly disallow the inclusion of raises and cost-of-living adjustments and, therefore, cannot be modified in the manner requested by Lemieux, which would calculate the value of his annuity as if he had retired on the date of his divorce.

Having determined that 5 C.F.R. § 838.621 does not apply retroactively and that the court order should not be interpreted as if retirement occurred on the date of the divorce, we turn to the appropriate method of calculating the annuity of which Joanne Lemieux is entitled to 50%. Appendix A to Subpart Q of 5 C.F.R. § 831 (1990) provides that

Orders that award a portion of the "value" of an annuity as of a specific date, before retirement, without specifying what "value" is, will be interpreted as awarding a portion of the annuity equal to the monthly annuity rate at the time of retirement times a fraction, the numerator of which is the number of months of "creditable service" or service worked as of the date specified and the denominator of which is the total number of months as of the time of retirement of "creditable service" or service worked,

is the total number of months of Federal civilian and military service performed by the employee."

whichever term is used in the court order.

55 Fed. Reg. 9,104 (March 12, 1990). Because Lemieux began working for the federal government around the same time he married, this formula results in the same outcome as if the *Prorata formula* found in section 838.621(a) had been applied. As such, and irrespective of the misapplication of section 838.621, OPM's calculation of Joanne Lemieux's share of the annuity is affirmed.