﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/19 Archive Date: 09/27/19

DOCKET NO. 190726-14220
DATE: September 30, 2019

ORDER

Entitlement to an effective date of April 27, 2011 for the assignment of a 100 percent rating for hypothyroidism is granted.

FINDINGS OF FACT

1. Unappealed rating determinations dated in May and October 2006, April 2008, and March 2009 became final.

2. Liberally construed, the RO received the Veteran’s increased rating claim for his service-connected hypothyroidism on April 27, 2011.

3. Throughout the pendency of the appeal, the Veteran has credibly maintained that his hypothyroidism is manifested by depression, muscular weakness, constipation, sleeplessness, cold intolerance, and fatigue. Medical evidence also attributes his symptoms to his service-connected hypothyroidism.

4. The April 27, 2011, date of receipt of the Veteran’s claim is the earliest date allowable for the grant of a 100 percent rating for hypothyroidism.

CONCLUSION OF LAW

The criteria for the assignment of an effective date of April 27, 2011 for the grant of a 100 percent rating for hypothyroidism have been met. 38 U.S.C. §§ 5110, 5107; 38 C.F.R. §§ 3.102, 3.400, 4.119 Diagnostic Code (DC) 7903 (2016).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from November 1962 to December 1964.

This appeal comes before the Board of Veterans’ Appeals (Board) from a July 2019 rating decision by a Department of Veterans Affairs (VA) Regional Office (RO) that granted an increased 100 percent rating for service-connected hypothyroidism, effective January 22, 2019. The Veteran appealed for an earlier effective date.

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in 38 U.S.C., 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review.

On the VA Form 10182, Decision Review Request Board Appeal (Notice of Disagreement) (NOD), received in July 2019, the Veteran requested a Direct Review by a Veterans Law Judge, declining a Board hearing, and indicating additional evidence would not be submitted in support of the appeal. The Veteran, however, did submit documents with VA Form 10182, which is during a period of time when new evidence is not allowed. The Board may not consider any additional evidence submitted during the period when new evidence is not allowed but notes the documents are not new and were already part of the record prior to the July 2019 rating decision. This decision has been written consistent with the new AMA framework.

The Board notes that the Veteran filed a claim for entitlement to a total disability rating based on individual unemployability (TDIU) in April 2011, which was denied in a July 2011 rating decision. The Veteran filed a timely NOD in May 2012, the RO issued a statement of the case (SOC), but on his timely January 2014 VA Form 9, the Veteran indicated he only appealed the issue of the increased rating evaluation for his service-connected hypothyroidism. The appeal of entitlement to a TDIU was not perfected; therefore, such issue is not before the Board. 

Entitlement to an effective date earlier than January 22, 2019 for the grant of a 100 percent rating for hypothyroidism.

In this case, the Veteran contends that an earlier effective date prior to January 22, 2019 should be granted for the award of an increased 100 percent rating for service-connected hypothyroidism. Specifically, he contends that an effective date of March 2009 should be assigned for a 100 percent rating. See his July 2019 NOD.

For effective date claims, in general, unless specifically provided otherwise, the effective date of an evaluation and award of compensation based on an original claim, a claim reopened after final adjudication, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. The effective date of an award of disability compensation shall be the day following the Veteran’s discharge or release if application therefor is received within one year from such date of discharge or release. 38 U.S.C. § 5110(b)(1).

The effective date for an award of increased compensation shall be the earliest date as of which it is ascertainable that an increase in disability had occurred, provided a claim is received within one year from such date; otherwise, the effective date for an increased rating will be the date of receipt of the claim, or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a), (b)(3); 38 C.F.R. § 3.400(o).

The Veteran’s hypothyroidism has been rated under 38 C.F.R. § 4.119, DC 7903. This DC was revised effective December 10, 2017. 82 Fed. Reg. 50802 -50806 (November 2, 2017). Because this revision occurred during the pendency of the Veteran’s claim, whichever version is most favorable to him must be applied. However, the new version can only be applied as of its effective date. 38 U.S.C. § 5110(g); 38 C.F.R. § 3.114; VAOPGCPREC 3-2000, 7-2003; Kuzma v. Principi, 341 F.3d 1327, 1328-1329 (Fed. Cir. 2003).

Under the old version of DC 7903, a 10 percent rating is assigned for fatigability or when continuous medication is required for control. A 30 percent rating requires fatigability, constipation, and mental sluggishness. A 60 percent rating requires muscular weakness, mental disturbance, and weight gain. The maximum 100 percent rating is reserved for cold intolerance, muscular weakness, cardiovascular involvement, mental disturbance (dementia, slowing of thought, depression), bradycardia (less than 60 beats per minute), and sleepiness. 38 C.F.R. § 4.119, DC 7903 (2016).

Under the new version of DC 7903, a 30 percent rating is assigned without myxedema. Note 2 following this section in the DC indicates that this rating is to continue for 6 months after initial diagnosis. Thereafter, residuals of disease or medical treatment are to be rated under the most appropriate DC(s) within the appropriate body system. 38 C.F.R. § 4.119, DC 7903 (2018).

Under the new version of DC 7903, the maximum 100 percent rating is reserved for manifestation as myxedema (cold intolerance, muscular weakness, cardiovascular involvement (including, but not limited to hypotension, bradycardia, and pericardial effusion) and mental disturbance (including, but not limited to dementia, slowing of thought, and depression)). Note 1 following this section in the DC indicates that this rating is to continue for 6 months beyond the date an examining physician has determined crisis stabilization. Thereafter, residual effects are to be rated under the appropriate DC(s) within the appropriate body system. Id.

By history, in this case, in May 2006, the Agency of Original Jurisdiction (AOJ) effectuated the Board’s March 2006 grant of entitlement to service connection for hypothyroidism. An initial 10 percent evaluation was assigned effective July 15, 2003. The Veteran did not perfect an appeal therefrom; the determination became final. 38 C.F.R. § 7105(d). The record also shows that the Veteran submitted additional claims from 2006 through 2008. However, by rating determinations dated in May and October 2006, and April 2008, the RO confirmed and continued the assigned 10 percent rating. The Veteran did not perfect an appeal with any rating determination; thus, each determination became final. Id.

Of note, in March 2009, the RO denied the Veteran’s claims of entitlement to service connection for symptoms as secondary to his hypothyroidism. See March 2009 Rating Determination. Notice was issued to the Veteran. The Veteran filed a NOD and a SOC was issued to him. The Veteran did not perfect the appeal. The rating determination became final. 38 C.F.R. § 7105(d).

Thereafter, a review of the record shows that by correspondence received on April 27, 2011, the Veteran requested entitlement to a TDIU. By notification letter issued in May 2011, the Veteran was advised that his claims for TDIU and an increased rating for the service connected hypothyroidism were being worked. Accordingly, when reviewing this procedural development in the light most favorable to the Veteran, the Board will also construe the April 2011 claim as a claim for an increased rating.

In relevant part, the Veteran underwent a VA examination in May 2011. While the Veteran reported fatigue, sleepiness, cold and heat intolerance, depression and dizziness, physical examination and laboratory tests were essentially normal. After examination, the examiner diagnosed status post thyroidectomy for hyperthyroidism, stable or tolerated with replacement therapy, no evidence of hypothyroidism or hyperthyroidism on examination, biochemical studies demonstrate euthyroidism, no functional impairment or disability. Nonservice-connected disabilities of ischemic heart disease, diabetes mellitus, dyslipidemia and degenerative joint disease were also noted.

In July 2011, the RO denied the Veteran’s claims for an increased rating in excess of 10 percent for hypothyroidism and entitlement to a TDIU. Notice was issued to the Veteran. He filed a timely NOD, a SOC was issued, and as noted above, the Veteran perfected the appeal with regard to the increased rating claim.

In June 2014, the Veteran underwent a VA examination for his thyroid disorder. The Veteran’s complaints of fatigue, muscle weakness, cold intolerance, and constipation were noted. Examination also revealed hypo- or hyperpigmented skin areas. After examination, the examiner acknowledged that the Veteran had been diagnosed with diabetes mellitus, coronary artery disease and hypothyroidism. She then added that the Veteran’s fatigue was attributable to all of his diagnoses, but his hypothyroidism was the primary contributor and his cold intolerance and constipation were attributable to his service-connected disability as well.

On VA mental examination in June 2014, a VA examiner noted symptoms including depression, constipation, sleep impairment and muscular weakness. However, the examiner noted that the Veteran’s diagnosed major depression excludes forms of depression attributable to medical conditions such as hypothyroidism. The VA examiner opined that the Veteran’s symptoms were not attributable to hypothyroidism as the Veteran is and has been in a state of normal function for years as a result of replacement therapy.

In August 2014, the RO confirmed and continued the 10 percent rating, but in a January 2015 rating decision, it increased the disability evaluation to 30 percent effective June 25, 2014. The Veteran continued to pursue the assignment of a higher rating. 

In September 2017, the Board remanded the increased rating claim for additional development. In that same decision, it also granted the Veteran’s claim of entitlement to service connection for depression. By rating determination dated in September 2017, the RO effectuated the Board’s grant and rated the Veteran’s depression as 30 percent disabling, from May 30, 2012. The Veteran continued to prosecute his claim, maintaining that his symptoms were attributable to his service-connected hypothyroidism and that an increased rating was warranted. 

In July 2018, the Veteran underwent another examination for hypothyroidism and in January 2019, he was examined again. In January 2019, the VA examiner noted the Veteran’s current symptoms as depression, dementia and cold intolerance. The VA examiner found mental disturbance and myxedema (cold tolerance) and noted that the symptoms were attributable to the Veteran’s hypothyroid condition.

 As a result, by July 2019 rating decision, the RO increased the disability evaluation to 100 percent, effective January 22, 2019.

Given the procedural development in this case and evidence of record, the Board finds that the assignment of an effective date to April 27, 2011, and no earlier, is warranted. The Board initially points out that throughout the pendency of the appeal, the Veteran has repeatedly and consistently stated that he has suffered from symptoms attributable to his hypothyroidism. In June 2014, a VA examiner opined that the Veteran’s symptoms were primarily attributable to his service-connected disability and even where symptoms were also attributable to his nonservice-connected disability, which symptoms were solely attributable to which disorder or disease could not be distinguished. As such, the evidence will be construed in the Veteran’s favor and attributed to his service-connected hypothyroidism. See Mittleider v. West, 11 Vet. App. 181 (1998). Thereafter, the evidence of record confirms the 2014 examiner’s findings, to include the award of service connection for depression, rated as 30 percent disabling, effective May 30, 2012, and the January 2019 VA examination report. Throughout the pendency of the appeal, when resolving all doubt in the Veteran’s favor, the probative medical evidence of record demonstrates findings of: muscular weakness, mental disturbance (depression, slowing of thought), cold intolerance, fatigue and sleepiness so as to most nearly approximate a 100 percent disability rating.

Based on the Veteran’s consistent competent and credible statements regarding his symptoms, the June 2014 VA examination report, and other medical and lay evidence of record, the Board finds that the earliest effective date allowable is April 27, 2011. 

At this time the Board acknowledges the Veteran’s contention that the assignment of an effective date of 2009 or earlier is warranted. The Board also acknowledges that the Veteran has filed numerous claims maintaining that his symptoms were attributable to his service-connected hypothyroidism. However, as noted above, the Veteran did not perfect the prior appeals. The determinations became final. When considering the April 27, 2011 claim in the light most favorable to the Veteran, the Board finds that it is the date of receipt of the claim for increase. Additionally, although the record contains statements from the Veteran’s private medical provider dated in September 2008, the Board notes that the Veteran’s new, open claim for an increase was received on April 27, 2011 and not within one year of the September 2008 evidence. As such, the effective date for the 100 percent disability evaluation is the date of receipt of the claim. 38 C.F.R. § 4.119, DC 7903 (2016). 

The assignment of an effective date of April 27, 2011, but not earlier, is granted.

 

 

C. CRAWFORD

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Battaile

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.