﻿Citation Nr: AXXXXXXXX
Decision Date: 03/31/20 Archive Date: 03/31/20

DOCKET NO. 190909-29292
DATE: March 31, 2020

ORDER

Entitlement to an initial compensable rating from March 19, 2010 to April 2, 2019 and in excess of 10 percent as of April 2, 2019 for service-connected tinea pedis is denied.

FINDINGS OF FACT

1. From March 19, 2010 to April 2, 2019, the Veteran’s tinea pedis is manifested by subjective complaints of pain and objective evidence of scaling of the bilateral soles of the feet with interdigital maceration. The tinea pedis of the bilateral feet involved less than 4 percent of the entire body, exposed areas were not affected, and treatment did not require systemic therapy.

2. As of April 2, 2019, the Veteran’s tinea pedis is manifested by white flakey scales on the plantar surface of both feet involving less than 5 percent of the entire body and exposed areas are not affected, requiring systemic therapy of less than six weeks in total duration during a twelve-month period. 

CONCLUSION OF LAW

The criteria for entitlement to an initial compensable rating from March 19, 2010 to April 2, 2019 and in excess of 10 percent as of April 2, 2019 for service-connected tinea pedis are not met. 8 U.S.C. § 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.118, Diagnostic Code 7813-7806 (2017) and (2019).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from July 1983 to November 1983 and from August 1985 to April 1988.

In August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

In a December 2017 rating decision, the Agency of Original Jurisdiction (AOJ) implemented the Board’s May 2018 decision to grant service connection for tinea pedis and assigned a noncompensable disability rating, effective March 29, 2010 (the date the Veteran originally filed service connection claim for a skin disorder). The Veteran’s timely Notice of Disagreement (VA Form 21-0958) was received in November 2018 stating that he disagreed with the initial rating assigned and that due to the extreme nature of his condition some compensation is warranted. In a March 2019 rating decision, the AOJ granted a 10 percent disability for tinea pedis, effective April 2, 2019. The AOJ issued a statement of the case in May 2019. In August 2019, the Veteran submitted a timely VA Form 10182 (Notice of Disagreement) to opt-in to AMA from the May 2019 statement of the case and requested direct review by the Board. 

Based on the Veteran’s choice to pursue direct review of his appeal, the Board will decide the appeal “based on the evidence of record at the time of the prior decision.” Accordingly, no additionally submitted evidence may be considered after the May 2019 statement of the case.

1. Entitlement to an initial compensable rating from March 19, 2010 to April 2, 2019 and in excess of 10 percent as of April 2, 2019 for service-connected tinea pedis.

The Veteran contends that his tinea pedis warrants a higher disability rating and at a minimum a compensable disability rating throughout the relevant appeal period. 

Disability ratings are determined by applying the criteria set forth in VA’s Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. See 38 U.S.C. § 1155; 38 C.F.R. § 4.1. Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. Any reasonable doubt regarding a degree of disability will be resolved in favor of the veteran. 38 C.F.R. § 4.3. When the evidence is in relative equipoise, the veteran is accorded the benefit of the doubt. 38 U.S.C. § 5107(b).

In general, when an increase in the disability rating is at issue, it is the present level of disability that is of primary concern. See Francisco v. Brown, 7 Vet. App. 55, 58 (1994). However, as in this case, when the current appeal arose from the initially assigned rating, consideration must be given as to whether staged ratings should be assigned to reflect entitlement to a higher rating at any point during the pendency of the claim. Fenderson v. West, 12 Vet. App. 119 (1999). Moreover, staged ratings are appropriate in any increased-rating claim in which distinct time periods with different ratable symptoms can be identified. Hart v. Mansfield, 21 Vet. App. 505 (2007).

The Veteran’s tinea pedis is current evaluated under 38 C.F.R. § 4.118, Diagnostic Code 7813-7806. In the selection of code numbers assigned to disabilities, injuries will generally be represented by the number assigned to the residual condition on the basis of which the rating is determined. With diseases, preference is to be given to the number assigned to the disease itself; if the rating is determined on the basis of residual conditions, the number appropriate to the residual condition will be added, preceded by a hyphen. 38 C.F.R. § 4.27. The hyphenated diagnostic code in this case therefore indicates that dermatophytosis (which includes tinea pedis) under Diagnostic Code 7813 is the service-connected disorder and that the disorder is rated under Diagnostic Code 7806 for dermatitis or eczema as the prominent disability.

Diagnostic Code 7813 contemplates disability due to dermatophytosis and directs that disabilities such as onychomycosis, or tinea pedis of the feet, be rated as disfigurement of the head, face or neck (Diagnostic Code 7800), scars (Diagnostic Codes 7801-7805), or dermatitis (Diagnostic Code 7806), depending upon the predominant disability. 38 C.F.R. § 4.118, Diagnostic Code 7813.

In this case, the manifestations of the Veteran’s service-connected tinea pedis more closely approximates dermatitis under Diagnostic Code 7806. During the pendency of the appeal, the rating criteria for evaluating a skin disorder under 38 C.F.R. § 4.118 were amended effective August 13, 2018. 83 Fed. Reg. 32583 (July 13, 2018). These amendments revised Diagnostic Codes 7806 and 7813, to state that disabilities evaluated under these diagnostic codes should be evaluated under the General Rating Formula for the Skin.

If a law or regulation changes during the course of a claim or an appeal, the version more favorable to the Veteran will apply, to the extent permitted by any stated effective date in the amendment in question. 38 U.S.C. § 5110(g); see also Kuzma v. Principi, 341 F.3d 1327 (Fed. Cir. 2003). If the revised version of the regulation is more favorable, the implementation of that regulation under 38 U.S.C. § 5110(g) can be no earlier than the effective date of that change. If the former version is more favorable, VA can apply the earlier version of the regulation for the period prior to, and from, the effective date of the change. 38 U.S.C. § 5110; Kuzma, 341 F. 3d 1327. Therefore, the Board will consider the Veteran’s claim under the old criteria prior to August 13, 2018 and both the old and new rating criteria from August 13, 2018, and the criteria that is more favorable to the Veteran will be applied.

Prior to the regulatory change effective August 13, 2018, under Diagnostic Code 7806, a 10 percent disability rating is warranted where at least 5 percent, but less than 20 percent of the entire body or at least 5 percent, but less than 20 percent of exposed areas are affected or intermittent systemic therapy such as corticosteroids or other immunosuppressive drugs were required for a total duration of less than six weeks during the past 12-month period. A 30 percent rating is warranted where 20 to 40 percent of the entire body or 20 to 40 percent of exposed areas are affected, or; where systemic therapy such as corticosteroids or other immunosuppressive drugs were required for a total duration of six weeks or more, but not constantly, during the past 12-month period. A 60 percent rating is warranted where more than 40 percent of the entire body or more than 40 percent of the exposed areas are affected; or where there was constant or near-constant systemic therapy such as corticosteroids or other immunosuppressive drugs required during the past 12-month period. 38 C.F.R. § 4.118, Diagnostic Code 7806.

As of August 13, 2018, under the amended criteria, the General Rating Formula for the Skin provides that a noncompensable rating is warranted where there is no more than topical therapy required over the past 12-month period and at least one of the following: Characteristic lesions involving less than 5 percent of the entire body affected; or characteristic lesions involving less than 5 percent of exposed areas affected.

A 10 percent rating will be warranted where there is at least one of the following: Characteristic lesions involving at least 5 percent, but less than 20 percent, of the entire body affected; or at least 5 percent, but less than 20 percent, of exposed areas affected; or intermittent systemic therapy including, but not limited to, corticosteroids, phototherapy, retinoids, biologics, photochemotherapy, psoralen with long-wave ultraviolet-A light (PUVA), or other immunosuppressive drugs required for a total duration of less than 6 weeks over the past 12-month period.

A 30 percent rating is warranted where there is at least one of the following: Characteristic lesions involving 20 to 40 percent of the entire body or 20 to 40 percent of exposed areas affected; or systemic therapy including, but not limited to, corticosteroids, phototherapy, retinoids, biologics, photochemotherapy, PUVA, or other immunosuppressive drugs required for a total duration of 6 weeks or more, but not constantly, over the past 12-month period.

For the purposes of this section, systemic therapy is treatment that is administered through any route (orally, injection, suppository, intranasally) other than the skin, and topical therapy is treatment that is administered through the skin. 38 U.S.C. § 4.118(a).

Alternatively, dermatitis is to be rated as disfigurement of the head, face, or neck (DC 7800) or scars (DC’s 7801, 7802, 7803, 7804, or 7805), depending upon the predominant disability.

Prior to August 13, 2019, the preponderance of the evidence shows a compensable disability rating for the Veteran’s tinea pedis is not warranted at any time under VA regulations in effect at that time. Specifically, a June 2011 VA examination reveals that the Veteran reported that he has experienced athlete’s feet since he was in the Army and had to wear boots. He did not receive any treatment during service. Since then, he tried over the count products without improvement. The examiner provided a diagnosis of tinea pedis. Physical examination revealed scaling of the bilateral soles of the feet with interdigital maceration. The examiner documented that the tinea pedis of the soles of his feet were less than 4 percent of unexposed body surface area and zero percent of exposed body surface area. VA and private treatment records show that the Veteran’s tinea pedis was treated with topical antifungal cream (to include Clotrimazole and Tolnaftate) with no evidence of systemic or oral therapy to treat the symptoms of tinea pedis prior to April 2, 2019. In the March 2019 notice of disagreement, the Veteran stated that his tina pedis hinders his current profession as a first responder as it has caused him to decline some tasking orders due to pain and embarrassment of his condition. Based on the foregoing, the Board concludes that the Veteran does not meet the criteria for compensable disability rating under Diagnostic Code 7806 at any time prior to August 13, 2019.

Furthermore, from August 13, 2019 to April 2, 2019, the preponderance of the evidence shows a compensable disability rating for the Veteran’s tinea pedis is not warranted at any time under VA regulations in effect prior to August 13, 2019 and under the amended VA regulations in effect as of August 13, 2019. In this regard, the medical evidence of record does not reflect that the Veteran’s tinea pedis of the feet encompasses less than 5 percent of the entire body and no exposed areas are affected. Furthermore, VA treatment records reveal that his tinea pedis was treated with only topical antifungal cream. See VA treatment records dated in August 2018, December 2018, and February 2019. 

As of April 2, 2019, the evidence shows that the manifestations of tinea pedis more closely approximates the currently assigned a 10 percent disability rating under the VA regulations in effect prior to August 13, 2019 and under the amended VA regulations in effect as of August 13, 2019. In this regard, a May 2019 VA examination reveals that the Veteran reported that since his last VA examination he continued to have tinea pedis on the plantar surface of both feet. He is followed by a private dermatologist who treats the condition with topical anti-fungal cream. The examiner documented that the Veteran’s tinea pedis was treated with Ketoconazole antifungal cream for a total duration of six weeks or more, but not constant and Terbinafine that is administered orally for a total duration of less than six weeks duration over the past twelve months. The examination reveals that the tinea pedis is less than 5 percent of total body area and 0 percent exposed area. The examiner observed white flakey scales on the plantar surface of both feet. A July 2019 private treatment record documents that the Veteran started oral or system treatment to treat his tinea pedis on April 2, 2019. In this case, the evidence shows that the Veteran’s tinea pedis affects less than 20 percent of the entire body and less than 20 percent of exposed areas and systemic therapy such as were required for a total duration of less than six weeks during the past 12-month period. Thus, the Veteran’s service-connected tinea pedis does not more closely approximate a disability rating in excess of 10 percent as of April 2, 2019 under both the VA regulations in effect prior to August 13, 2019 and under the amended regulations.

(Continued on the next page)

 

The Board has considered whether any other diagnostic codes pertaining to the skin are applicable in this case under both the amended VA regulations and the VA regulations in effect prior to August 13, 2018. The diagnostic codes pertaining to scars and disfigurement are not applicable, as the Veteran’s disability picture is one of scaling of the skin rather than scarring and the manifestations are not shown to disfigure the head, face, or neck. Therefore, a rating under Diagnostic Codes 7800, 7801, 7802, 7804, and 7805 is not appropriate. The Veteran’s tinea pedis has not been diagnosed with any of the disabilities contemplated by Diagnostic Codes 7815-7833. Accordingly, a rating under those diagnostic codes would also not be appropriate.

 

 

L. B. CRYAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board B. Berry, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.