﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/20 Archive Date: 12/31/20

DOCKET NO. 200123-57786
DATE: December 31, 2020

ORDER

Entitlement to a compensable disability evaluation for service-connected scar is denied.

Entitlement to service connection for chorioamnionitis is granted.

REMANDED

Entitlement to service connection for facial paralysis is remanded.

FINDINGS OF FACT

1. The Veteran’s abdominal scar measures 42 by 0.5 cm; the approximate total area of the scar being 21 cm squared.

2. The Veteran’s currently diagnosed chorioamnionitis condition was incurred in service.

CONCLUSIONS OF LAW

1. The criteria for a compensable disability rating for the Veteran’s abdomen scar have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.118, Diagnostic Code 7802.

2. The criteria for service connection for chorioamnionitis are met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. §§ 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran had active duty service from August 1979 to May 1981.

This matter comes before the Board of Veterans’ Appeals (Board) from an April 2011 rating decision (RD) issued by a Department of Veterans Affairs (VA) Regional Office (RO).

The Board remanded the service connection claims on appeal in July 2018 in order to obtain outstanding private post-service gynecological treatment records as well addendum medical opinions in lieu of receipt of additional pertinent service treatment records (STRs). See also April 2018 United States Court of Appeals for Veterans Claims (CAVC) Joint Motion for Remand (JMR). 

The Board sent the Veteran a VA Form 21-4142a so as to obtain the post-service gynecological treatment records; however, upon review of the record, the Veteran did not respond to this request, and has not identified any additional medical evidence in support of his claims. As the Veteran did not complete the release, no further assistance on the part of VA is necessary. See Wood v. Derwinski, 1 Vet. App. 190, 193 (1993); February 2019 Subsequent Development Letter. 

In the January 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. Therefore, the Board may only consider the evidence of record at the time of the August 2019 Supplemental Review decision. 38 C.F.R. § 20.301.

Increased Rating

1. Entitlement to a compensable disability evaluation for service-connected scar

The Veteran contends that she is entitled to a compensable disability rating for her service-connected abdomen scar. 

The Veteran’s scar is rated under Diagnostic Code 7802.

The Board notes that VA amended the criteria for rating skin disabilities effective from August 13, 2018. These new regulations apply to all applications for benefits received by VA or that are pending before the agency of original jurisdiction on or after August 13, 2018. Claims pending prior to the effective date will be considered under both old and new rating criteria, and whatever criteria is more favorable to the veteran will be applied. The Board may not apply a current regulation prior to its effective date, unless the regulation explicitly provides otherwise. Kuzma v. Principi, 341 F.3d 1327 (Fed. Cir. 2003). However, the Board is not precluded from applying prior versions of the applicable regulation to the period on or after the effective dates of the new regulation if the prior version was in effect during the pendency of the appeal.

Prior to August 13, 2018, Diagnostic Code 7802, was for burn scar(s) or scar(s) due to other causes, not of the head, face, or neck, that were superficial and nonlinear. Under these criteria, a scar with an area or areas of 144 square inches (929 sq. cm.) or greater warrants a 10 percent rating. 38 C.F.R. § 4.118. Note 1 to Diagnostic Code 7802 instructed that a superficial scar was one not associated with underlying soft tissue damage. Id. 

Since August 13, 2018, Diagnostic Code 7802 is for burn scar(s) or scar(s) due to other causes, not of the head, face, or neck, that are not associated with underlying soft tissue damage. 38 C.F.R. § 4.118. Diagnostic Code 7802 was otherwise unchanged by the August 13, 2018, amendments.

The Board finds that the preponderance of the evidence is against the assignment of a compensable evaluation under Diagnostic Code 7802 because the Veteran’s abdomen scar is not manifest by an area or areas of 144 square inches (929 sq. cm.) or greater. Per the April 2019 VA examination report, the Veteran’s transverse anterior lower abdomen scar measures 42 by 0.5 cm; the approximate total area of the scar being 21 cm squared. The VA examiner did not find that the scar is tender to palpation, unstable, nor was the underlying soft tissue damaged. 

The Board has also considered the other Diagnostic Codes pertaining to scars. However, the Veteran’s abdomen scar is not of the head, face, or neck, is not deep and non-linear, and is not associated with underlying soft tissue damage. Moreover, as previously stated, the Veteran’s scar is not unstable or painful. Therefore, Diagnostic Codes 7800, 7801, and 7804, both prior to and from August 13, 2018, are inapplicable. Finally, the evidence of record shows there are no other disabling effect(s) not considered in a rating provided under Diagnostic Codes 7800-04 as contemplated under both pre- and post-August 13, 2018, Diagnostic Code 7805. 

The Board acknowledges that the Veteran believes that the disability on appeal has been more severe than the assigned disability rating reflects. Moreover, the Veteran is competent to report observable symptoms. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). However, she does not assert, and medical treatment records do not show, that the Veteran’s abdomen scar is manifest by an area or areas of 144 square inches (929 sq. cm.) or greater. 

In conclusion, the Board finds that the preponderance of the evidence is against the Veteran’s claim for a compensable rating for her abdomen scar. In denying such a rating, the Board finds the benefit of the doubt doctrine is not applicable. 38 U.S.C. § 5107; 38 C.F.R. §§ 4.3, 4.7.

Service Connection

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.303. The three-element test for service connection requires evidence of: (1) a current disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the current disability and the in-service disease or injury. Shedden v. Principi, 381 F.3d 1163, 1166 -67 (Fed. Cir. 2004).

Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d).

2. Entitlement to service connection for chorioamnionitis

As to the first element of Shedden, for service connection the Veteran must show a current disability. Per the August 2013 VA examination report, the Veteran has current diagnoses of urinary incontinence and chorioamnionitis, and therefore the claim meets the first Shedden element of service connection. See also June 2019 VA examinations. 

As to the second element of Shedden, for service connection the Veteran must show an in-service incurrence or aggravation of a disease or injury. The August 2019 RD made the favorable finding that while in service the Veteran suffered premature rupture of membranes. Under the AMA, the Board is bound by favorable findings by the AOJ in the absence of evidence of clear and unmistakable error. 38 C.F.R. § 3.104(c). The second element of Shedden is met.

As to the last element of Shedden, for service connection the Veteran must show a causal relationship between the current disability and the in-service disease or injury. Upon remand, the April 2019 VA examiner opined that the Veteran’s currently diagnosed chorioamnionitis condition at least as likely as not (50 percent or greater probability) incurred in or was caused by the Veteran’s active duty military service, to include the January 1981 premature rupture of her membranes at 26 weeks gestation, the in-service diagnosis of chorioamnionitis, and the hysterotomy performed. As such the Veteran’s claim meets all Shedden elements of service connection, and the claim is granted. 38 C.F.R. § 3.303 (d).

REASONS FOR REMAND

1. Entitlement to service connection for facial paralysis

Upon review of the April 2019 VA examiner’s medical opinion, the Board finds that secondary service connection was not addressed therein, as the VA examiner’s opinion only considered whether the Veteran’s currently diagnosed facial paralysis condition incurred in service or is otherwise directly related to service. As such, the opinion is inadequate for purposes of adjudicating the present appeal. When VA provides an examination or obtains an opinion, the examination or opinion must be adequate. Barr v. Nicholson, 21 Vet. App. 303 (2007). A pre-decisional duty to assist error was committed in failing to obtain an adequate medical opinion regarding the Veteran's claim for secondary service connection. The Board must therefore remand the appeal. 

The matters are REMANDED for the following action:

Obtain an addendum medical opinion for the Veteran’s claimed for facial paralysis condition. Upon review of the record, to include this remand, opine as to the following:

(Continued on the next page)

 

Is the Veteran’s currently diagnosed facial paralysis condition at least as likely as not (50 percent probability or greater) proximately due to service-connected disability or aggravated beyond its natural progression by service-connected disability, namely the Veteran’s service-connected chorioamnionitis disability.

 

 

K. J. ALIBRANDO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S.R. Fey, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.