Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 190527-13911
DATE: July 30, 2021

ORDER

Entitlement to an initial rating in excess of 10 percent for left foot bunionectomy is denied.

FINDING OF FACT

The Veteran's left foot hallux valgus status post bunionectomy is rated as 10 percent disabling, which is the maximum schedular rating permitted for unilateral hallux valgus.

CONCLUSION OF LAW

The criteria for a rating in excess of 10 percent for service-connected left foot bunionectomy have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. § 4.72, Diagnostic Code (DC) 5280.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty in the U.S. Army August 1971 to August 1973 and from September 1974 to October 1977, with additional Reserve service.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an April 2019 AMA rating decision of a Department of Veterans Affairs (VA) Regional Office (RO).

In the May 2019 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Hearing docket. Therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal, as well as any evidence submitted by the Veteran at the hearing or within 90 days following the hearing. 38 C.F.R. § 20.302(a).

In April 2021, the Veteran testified at a hearing before the undersigned Veterans Law Judge (VLJ); a transcript is of record. As noted above, under AMA, the Veteran can submit additional evidence within 90 days of the Board hearing. The 90-day evidence window has since expired.

The Board also notes that in his May 2019 VA Form 10182, the Veteran indicated disagreement with a reduction of a disability rating for his back and neck disabilities. However, a review of the record shows that there never was a rating reduction for either disability. Thus, there is no decision to appeal and such issues will not be addressed herein. 

Entitlement to an initial rating in excess of 10 percent for left foot bunionectomy.

The Veteran contends that his left foot disability warrants a rating higher than 10 percent. For the reasons that follow, the Board finds that a higher rating is not warranted.

Ratings are based on a schedule of reductions in earning capacity from specific injuries or combination of injuries. The ratings shall be based, as far as practicable, upon the average impairments of earning capacity resulting from such injuries in civil occupations. 38 U.S.C. § 1155. Generally, the degrees of disability specified are considered adequate to compensate for considerable loss of working time from exacerbations or illnesses proportionate to the severity of the several grades of disability. 38 C.F.R. § 4.1.

Where there is a question as to which of two evaluations shall be applied, the higher evaluation will be assigned if the disability picture more nearly approximates the criteria required for that rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. When, after careful consideration of all procurable and assembled data, a reasonable doubt arises regarding the degree of disability such doubt will be resolved in favor of the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 4.3.

The Veteran's left foot disability is rated pursuant to DC 5280, for unilateral hallux valgus. Under this DC, a maximum 10 percent rating is warranted for unilateral hallux valgus severe, if equivalent to amputation of great toe. A maximum 10 percent rating is also warranted for unilateral hallux valgus operated with resection of metatarsal head. 38 C.F.R. § 4.71a, DC 5280.

The Board notes that the rating criteria for the Schedule for Rating Disabilities of the Musculoskeletal System and Muscle Injuries were revised effective February 7, 2021. 85 Fed. Reg. 76453 (November 30, 2020). However, as the appeal period in this case ends in April 2019, the revised rating criteria are inapplicable in this case since they did not go into effect until February 7, 2021. See Kuzma v. Principi, 341 F.3d 1327 (Fed. Cir. 2003). Accordingly, the Board will only apply the rating criteria that were in effect prior to the February 2021 revisions.

The evidence of record shows that the Veteran had a hallux valgus of his left foot for which he underwent a bunionectomy in April 2010. During the appeal period, the Veteran has reported experiencing pain, swelling, and decreased range of motion/difficulty walking since his bunionectomy. 

In a November 2012 Disability Benefits Questionnaire submitted by the Veteran, chronic pain of the first metatarsophalangeal (MTP) joint was noted. The examining physician noted that the Veteran experienced mild or moderate symptoms due to his hallux valgus condition. 

An August 2012 VA treatment record shows that the Veteran experienced crepitus with decreased range of motion of his left foot first MTP joint.

The Veteran underwent a VA fee-based examination for his left foot disability in February 2019. At the examination, the Veteran reported experiencing intermittent left big toe pain that is aggravated by damp weather. He also reported sharp and achy pain in his left big toe when walking for more than 15 minutes. He reported that he cannot walk or stand for more than 15 minutes without moderate to severe pain. On clinical evaluation, the examiner noted that the Veteran experienced residual pain from his bunionectomy. 

At the April 2021 Board hearing, the Veteran reported experiencing pain, swelling, and difficulty walking. He also reported taking medication for his symptoms.

The Board notes that it is unclear from the record whether the Veteran's reported symptoms are due to his service-connected bunionectomy or due to his nonservice-connected hallux rigidus or osteoarthritis. However, for purposes of this decision only, the Board will attribute all of the Veteran's symptomatology to his service-connected condition as such is most favorable to the Veteran. See Mittleider v. v. West, 11 Vet. App. 181, 182 (1998).

While the Board acknowledges the Veteran's lay reports of symptoms and description of functional loss, he currently is in receipt of the maximum disability rating available for his specific disability. A review of the symptomology and functional effects of the Veteran's left foot disability show that they are fully contemplated by the rating criteria. Thus, a higher rating is not warranted. 

The Board has considered whether a higher or separate rating is warranted based on other potentially applicable diagnostic codes. However, there is no lay or medical evidence of weak foot, claw foot, metatarsalgia, or malunion or nonunion of the tarsal or metatarsal bones in the left foot. As such, DCs 5277, 5278, 5279, 5282, and 5283 are inapplicable. Additionally, as the Veteran's disability (hallux valgus status post bunionectomy) is listed in the rating schedule, rating by analogy to DC 5284 for other foot injuries is inappropriate. See Copeland v. McDonald, 27 Vet. App. 333, 2015 (2015) (holding that when a diagnosed condition is specifically listed in the Rating Schedule, rating by analogy is inappropriate); see also Suttmann v. Brown, 5 Vet. App. 127, 134 (1993). 

The Board also notes that at the April 2021 Board hearing, the Veteran indicated that there were outstanding private treatment records. Specifically, he reported receiving treatment for his left foot disability from two private providers, Dr. H. and Dr. M. However, as this information was not of record prior to the issuance of the rating decision on appeal, there was no pre-decisional duty to assist error in not attempting to obtain these records. 

The Board also notes that while the Veteran testified that he submitted records from Dr. H. at the time of his initial denial, a review of the record shows that no such records were received by VA. Should the Veteran wish to submit them, he may do so with a Supplemental Claim. 

In sum, as the Veteran is in receipt of the maximum schedular rating for his left foot disability, there is no doubt to be resolved, and the claim for an increased rating is denied. 

 

 

C. CRAWFORD

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board E. Mortimer, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.