Citation Nr: AXXXXXXXX
Decision Date: 09/30/21 Archive Date: 09/30/21

DOCKET NO. 200210-61185
DATE: September 30, 2021

ORDER

Entitlement to an initial compensable rating for service-connected scar(s), residual, status post cholecystectomy is denied.

Entitlement to an initial compensable rating for service-connected status post cholecystectomy is denied.

FINDINGS OF FACT

1. For the entire period on appeal, the Veteran's scar(s), residual, status post cholecystectomy did not affect an area or areas of 144 square inches (929 sq. cm.) or greater.

2. For the entire period on appeal, the Veteran's status post cholecystectomy does not have symptoms of gallbladder dyspepsia, gallbladder attacks, residuals, or jaundice.

CONCLUSIONS OF LAW

1. The criteria for entitlement to an initial compensable rating for service-connected scar(s), residual, status post cholecystectomy have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.118, Diagnostic Code 7802.

2. The criteria for entitlement to an initial compensable rating for service-connected status post cholecystectomy have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.7, 4.114, Diagnostic Code 7318.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty in the United States Navy from March 1999 to May 2019.

This matter comes before the Board of Veterans' Appeals (Board) from a January 2020 Appeals Modernization Act (AMA) rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). 

In February 2020, the Veteran filed a notice of disagreement in which he requested direct review. As this is a Direct Review appeal under the AMA, the record closed on the date of notice (January 15, 2020) of the January 2020 rating decision. Given such, the Board sees that additional evidence has been added after the appeal period closed. Thus, the Veteran is invited to submit a supplemental claim.

Increased Rating

Disability ratings are determined by applying the criteria set forth in VA's Schedule for Rating Disabilities, which is based on the average impairment of earning capacity. Individual disabilities are assigned separate diagnostic codes. 38 U.S.C. § 1155; 38 C.F.R. § 4.1. The basis of disability ratings is the ability of the body as a whole, or of the psyche, or of a system or organ of the body, to function under the ordinary conditions of daily life, including employment. 38 C.F.R. § 4.10. 

Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability more nearly approximates the criteria required for that particular rating. Otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. When a reasonable doubt arises regarding the degree of disability, that reasonable doubt will be resolved in favor of the Veteran. 38 C.F.R. § 4.3. 

Pursuant to Diagnostic Code 7318 removal of gallbladder which is non-symptomatic is assigned a 0 percent (noncompensable) rating. A 10 percent rating is warranted for removal of gallbladder with mild symptoms. A 30 percent rating is warranted for removal of gallbladder with severe symptoms. 38 C.F.R. § 4.114, Diagnostic Code 7318.

The Board notes that VA amended the criteria for rating skin disabilities effective from August 13, 2018. These new regulations apply to all applications for benefits received by VA or that are pending before the agency of original jurisdiction on or after August 13, 2018. Claims pending prior to the effective date will be considered under both old and new rating criteria, and whatever criteria is more favorable to the Veteran will be applied. The Board may not apply a current regulation prior to its effective date, unless the regulation explicitly provides otherwise. Kuzma v. Principi, 341 F.3d 1327 (Fed. Cir. 2003). However, the Board is not precluded from applying prior versions of the applicable regulation to the period on or after the effective dates of the new regulation if the prior version was in effect during the pendency of the appeal.

Prior to August 13, 2018, Diagnostic Code 7802, was for burn scar(s) or scar(s) due to other causes, not of the head, face, or neck, that were superficial and nonlinear. Under these criteria, a scar with an area or areas of 144 square inches (929 sq. cm.) or greater warrants a 10 percent rating. 38 C.F.R. § 4.118. Note 1 to Diagnostic Code 7802 instructed that a superficial scar was one not associated with underlying soft tissue damage. Id. 

Since August 13, 2018, Diagnostic Code 7802 is for burn scar(s) or scar(s) due to other causes, not of the head, face, or neck, that are not associated with underlying soft tissue damage. 38 C.F.R. § 4.118. Diagnostic Code 7802 was otherwise unchanged by the August 13, 2018, amendments.

1. Entitlement to an initial compensable rating for service-connected scar(s), residual, status post cholecystectomy.

2. Entitlement to an initial compensable rating for service-connected status post cholecystectomy.

The Veteran had an emergency cholecystectomy in February 2016 due to severe stomach pain after eating. 

The Veteran contends he is entitled to a higher disability rating for his service-connected status post cholecystectomy and residual scar(s). He is currently assigned a 0 percent evaluation for both disabilities from June 1, 2019, pursuant to Diagnostic Codes 7802 and 7318. 

The Board finds that the preponderance of the evidence is against the assignment of a compensable evaluation under Diagnostic Code 7802 for the entire period on appeal because the Veteran's scar, residual, status post cholecystectomy is not manifested by an area of 144 square inches (929 sq. cm.) or greater. For example, at the January 2019 VA examination, the Veteran had a scar on the anterior trunk, and the total sq. cm. affected was 4 sq. cm. The examiner additionally stated the Veteran's scar is not painful, tender on palpitation, or unstable, and does not have underlying soft tissue damage. The only current symptom noted was tenderness when wearing clothes. 

The Board finds that the preponderance of the evidence is against the assignment of a compensable evaluation under Diagnostic Code 7318 for the entire period on appeal because the Veteran did not have mild or severe symptoms associated with his status post cholecystectomy. For example, at the January 2019 VA examination, although the Veteran reported some stomach pain, the examiner stated the Veteran did not have symptoms associated with his status post cholecystectomy, to include gallbladder dyspepsia, gallbladder attacks, residuals, or jaundice. 

The Board acknowledges that the Veteran believes that his disabilities on appeal have been more severe than the assigned disability rating reflects, and has considered his current symptoms of tenderness and stomach pain. Moreover, the Veteran is competent to report observable symptoms. Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). However, the medical treatment records do not show that the Veteran's scar on his anterior trunk is manifested by an area of 144 square inches (929 sq. cm.) or greater, or that his status post cholecystectomy has mild or severe symptoms.

The Board notes that under the Legacy system, a remand would be necessary for a new examination due to the Veteran's reports of increased pain after his latest VA examination. See Allday v. Brown, 7 Vet. App. 517, 526 (1995) (noting that "[w]here the record does not adequately reveal the current state of claimant's disability... fulfillment of the statutory duty to assist requires a thorough and contemporaneous medical examination"). However, under the AMA review system, cases are only remanded if there is a pre-decisional duty to assist error. See Pub. L. No. 115-55 section (2)(d); 38 C.F.R. § 20.802 (a). Here, there is no such error because the evidence in the appeal window (before the rating decision on appeal) did not indicate the Veteran had an increase in symptoms from his last VA examination. Given such, the Veteran is invited to submit a supplemental claim to assess this symptomatology.

The Board is grateful to the Veteran for his service, and regrets that it cannot render a favorable decision in this matter

Thus, the Board finds that the preponderance of the evidence is against the Veteran's claims for initial compensable ratings for scar(s), residual, status post cholecystectomy, and status post cholecystectomy. In denying such ratings, the Board finds the benefit of the doubt doctrine is not applicable. 38 U.S.C. § 5107; 38 C.F.R. §§ 4.3, 4.7.

 (continued on the next page)

 

 

YVETTE R. WHITE

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Papacalos, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.